**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**July 8, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

---

YVETTE PINNOCK,

    Plaintiff - Appellant,

v.

TELETECH GOVERNMENT
SOLUTIONS, LLC; SHEILA
BARANOWSKI,

    Defendants - Appellees.

No. 25-1285
(D.C. No. 1:24-CV-03290-NRN)
(D. Colo.)

---

### ORDER AND JUDGMENT[*]

---

Before **McHUGH**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.

---

Yvette Pinnock appeals from the district court's[1] dismissal of her pro se employment action as untimely and its denial of her motion for relief under Federal Rule of Civil Procedure 59(e). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The parties consented to proceed before a United States magistrate judge. *See* 28 U.S.C. § 636(c)(1).

I

Pinnock filed this action against her former employer, Teletech Government Solutions, LLC, and Sheila Baranowski, a human resources generalist (collectively Teletech), claiming disability discrimination, retaliation, and wrongful termination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12117. Under the ADA, a plaintiff must file suit within 90 days of receiving notice of their right to sue (NRTS). *See id.* § 12117(a) (incorporating the 90-day deadline from Title VII); 29 C.F.R. § 1601.28(e) (authorizing an "aggrieved person" to file a civil action "within 90 days from receipt of such authorization"). On August 21, 2024, the Equal Employment Opportunity Commission (EEOC) emailed Pinnock her NRTS. Ninety days from August 21, 2024, was November 19, 2024. Pinnock's complaint was signed, dated, and filed on November 25, 2024.

Teletech moved to dismiss, arguing the complaint was late because the 90-day filing period began when the NRTS was received in Pinnock's inbox on August 21, 2024. In response, Pinnock claimed she did not "receive and review [the NRTS until] Saturday, August 24, 2024[,] at approximately 6:00 pm (CST)." R. vol. I at 184. Although the NRTS was dated August 21, she speculated that "bad actors within the EEOC" had "hacked" her email account to incorrectly date the NRTS and "slid[e]" it "into [her] inbox." *Id.* at 189 (internal quotation marks omitted). As for the timing of her complaint, she claimed she timely emailed it to the district court on November 22, 2024, at 3:59 PM Pacific Standard Time, but when she called the court the following Monday, November 25, a clerk told her that her email was received

2

16 seconds past 5:00 PM.  According to the clerk, the email was received after 5:00 PM, so the complaint was filed the next business day, Monday, November 25.

Teletech's reply brief urged the district court to take judicial notice of records from the EEOC's public portal, "a website through which individuals communicate with the EEOC."  R. vol. II at 11.  Teletech attached the EEOC's portal records to its reply and explained that these records demonstrated the EEOC emailed Pinnock her NRTS on August 21, at 12:10 PM EDT, and her case was closed at that time.

The district court held a hearing and directed Pinnock to file a supplemental brief explaining why, if she emailed her complaint on November 22, it was dated November 25 rather than November 22.  Pinnock explained that on the morning of November 25, she called the district court and consulted with its IT department, which advised her that her email was received by the district court sixteen seconds past 5:00 PM on November 22, so it was filed the next business day, Monday, November 25.  Additionally, the clerk told her she could amend her pleadings within 24 hours, so she apparently resubmitted her complaint and a civil cover sheet, both of which she signed and dated November 25; she also filed her summons and the NRTS.

From this information, the district court distilled several facts.  First, it observed Pinnock's NRTS states, "Issued On:  August 21, 2024."  *Id.* at 43 (internal quotation marks omitted).  Second, it took judicial notice of the EEOC's portal records that on August 21, 2024, the EEOC emailed the NRTS to Pinnock and closed the case, indicating the NRTS was received in her inbox that date.  *Id.* at 25.  Third, it noted the complaint was signed and dated November 25, 2024.  Last, taking judicial

3

notice of its own procedures, filing requirements, and records, the district court determined Pinnock emailed her complaint to the district court on November 22, and her "email arrived at the Court's email server 16 seconds after 5:00 p.m. MT," so it was filed the next business day, Monday, November 25. *Id.* at 52.

Given these facts, the district court determined the action was time-barred. The district court reasoned that the 90-day filing period commenced on August 21, 2024, when the NRTS was received in Pinnock's inbox, so she had until November 19, 2024, to file her complaint. Because she did not file her complaint on or before November 19, it was untimely. Further, the district court determined that even if she had received the NRTS on August 24, as she claimed, her complaint was still untimely because her deadline would have been November 22, yet she did not file until November 25. The district court rejected her argument that she filed her complaint on November 22, reasoning that her email was not received until after 5:00 PM, so it was received and filed the next business day, Monday, November 25. The district court subsequently denied Pinnock's Rule 59(e) motion, and Pinnock appealed.

II

We review de novo the district court's dismissal under Rule 12(b)(6). *Jacobs v. Salt Lake City Sch. Dist.*, 154 F.4th 790, 799 (10th Cir. 2025). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

4

"[I]n assessing whether a plaintiff has stated a claim for relief, a court must restrict its review to only the allegations within the four corners of the complaint, and cannot consider other pleadings or external allegations." *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025). "Exceptions to this rule are limited to: (1) documents attached to the complaint as exhibits, (2) documents referenced in the complaint that are central to the plaintiff's claims, provided their authenticity is undisputed, and (3) matters subject to judicial notice." *Id.* at 1264. "[A] court may take judicial notice of records and reports of administrative bodies." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (internal quotation marks omitted), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

Because Pinnock proceeds pro se, her filings are entitled to a solicitous construction. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). "[A]lthough we make some allowances for [her] failure to cite proper legal authority [and] confusion of various legal theories," we cannot search the record and formulate arguments on her behalf. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). Pro se parties must "follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

On appeal, Pinnock contends her complaint was timely and the district court abused its discretion in denying her Rule 59(e) motion. She also raises two new arguments, claiming she was entitled to equitable tolling and she should have been

5

allowed to amend her complaint. As explained below, we decline to consider her new arguments and we reject her remaining contentions.

### A. The New Arguments Are Waived

Our general rule is that "absent extraordinary circumstances, arguments raised for the first time on appeal are waived." *Little v. Budd Co.*, 955 F.3d 816, 821 (10th Cir. 2020). Pinnock's opening brief repeatedly urges us to apply the doctrine of equitable tolling, but she offers no record citation indicating she previously raised this issue, and it is not our role to search the record on her behalf, *see Garrett*, 425 F.3d at 840. The district court did not consider equitable tolling, and under these circumstances, we have no occasion to consider it for the first time on appeal. *See Little*, 955 F.3d at 821.

Neither will we consider in the first instance whether Pinnock ought to have been permitted to amend her complaint. Although she says she requested leave to amend in the district court, *see* Aplt. Opening Br. at 11, she again offers no record citation demonstrating that she did, and it is not our role to search the record on her behalf, *see Garrett*, 425 F.3d at 840. The district court did not consider the possibility of amendment, so this issue is waived as well. *See Little*, 955 F.3d at 821.

### B. The Complaint Was Untimely

As for the timeliness of the complaint, Pinnock contends the district court erred in concluding she received the NRTS on August 21. Citing allegations she made in the supplemental brief she filed in the district court, as well as a screenshot of her email account, *see* R. vol. II at 7, Pinnock says there were "documented email

6

irregularities and administrative delays" warranting "recalculation of the 90-day filing deadline," Aplt. Opening Br. at 4. She contends the 90-day deadline should be measured from the date she says she received the NRTS in her inbox—August 24—not the date the EEOC issued and emailed it on August 21. She also contends her complaint should be deemed timely filed on November 22 because there is a "discrepancy between the email timestamp and the docketed filing date, [November 25]." *Id.* To support her argument, she again refers us to the screenshot of her inbox indicating the email was sent on November 22. *See* R. vol. II at 7. We reject all of these arguments.

The 90-day deadline prescribed by § 12117(a) "is clear. The party aggrieved may bring suit within ninety days after the giving of notice by the EEOC." *Noe v. Ward*, 754 F.2d 890, 892 (10th Cir. 1985) (discussing Title VII's 90-day deadline prescribed by § 2000e-5(f)(1), incorporated by § 12117(a)). Our cases have consistently interpreted the statute to mean the filing period begins on the date an aggrieved person receives the NRTS. *See, e.g.*, *id.*; *see also Melendez v. Singer-Friden Corp.*, 529 F.2d 321, 323-24 (10th Cir. 1976) (Title VII case); *Plunkett v. Roadway Exp., Inc.*, 504 F.2d 417, 419 (10th Cir. 1974) (same). As Pinnock herself emphasizes, the governing regulation specifies that an "aggrieved person" has "90 days *from receipt* of" the NRTS. 29 C.F.R. § 1601.28(e)(1) (emphasis added).

Other courts recognize that when the NRTS or proper notice is sent via email, which is an acceptable form of transmission, *see id.* § 1601.3(b), the 90-day filing period commences upon receipt of the email in the plaintiff's inbox, regardless of

when the recipient opens and reviews the email. *See Lax v. Mayorkas*, 20 F.4th 1178, 1182 (7th Cir. 2021) (discussing § 2000e-5(f)(1) for purposes of the Rehabilitation Act); *see also Kinder v. Marion Cnty. Prosecutor's Off.*, 132 F.4th 1005, 1009 (7th Cir. 2025) (holding the 90-day filing period for purposes of Title VII commenced no later than when plaintiff's attorney received by email the "notice of the agency's final decision," even though the attorney could not view the letter, and observing that "if unusual circumstances prevent a plaintiff from reading a letter, the question arises whether the deadline should be equitably tolled"); *McDonald v. St. Louis Univ.*, 109 F.4th 1068, 1071 (8th Cir. 2024) (concluding the 90-day filing window for purposes of Title VII commenced when the plaintiff's lawyer received an email link to the NRTS on the EEOC's public portal, even though the lawyer did not read the NRTS until later because he lost his portal password); *accord Asuncion v. Hegseth*, 150 F.4th 1252, 1259 (9th Cir. 2025) (holding the 90-day filing period for purposes of the Rehabilitation Act commenced when the plaintiff "could realistically be held responsible for having access to the [final agency decision]" after "the agency made numerous errors when transmitting the passphrase necessary to decrypt the [final agency decision]"); *Garcia-Gesualdo v. Honeywell Aerospace of P.R., Inc.*, 135 F.4th 10, 13-14, 17-19 (1st Cir. 2025) (holding 90-day filing period for purposes of Title VII and ADA commenced when the EEOC emailed plaintiff's attorney the NRTS, not when the attorney received two emails with a hyperlink to the EEOC's public portal, which was malfunctioning, because the emails failed to provide the required notice of the final agency decision and the 90-day filing period).

8

These cases comport with *Noe*, which concluded the filing period commenced when the plaintiff received the NRTS, even though her attorney did not receive it until seven days later. 754 F.2d at 892. They also comport with *Million v. Frank*, which held that "receipt at a plaintiff's address of the [NRTS] constitutes receipt sufficient to start the running of the time period for filing a discrimination action." 47 F.3d 385, 388 (10th Cir. 1995). "If the rule were otherwise, a plaintiff would be permitted to enjoy a manipulable, open-ended time extension which could render the statutory limitation meaningless." *Id.* (ellipsis and internal quotation marks omitted).

Here, the properly considered documents confirm the filing period began on August 21, 2024, when Pinnock received the EEOC's email with her NRTS. The NRTS states, "Issued On: August 21, 2024." R. vol. I at 36. The district court properly considered the NRTS because Pinnock attached it to her complaint, and its authenticity is undisputed. The district court also properly considered the records from the EEOC's public portal because they are subject to judicial notice. *See Mack*, 798 F.2d at 1282. Those records indicate the NRTS was received in Pinnock's inbox on August 21. R. vol. II at 25. Thus, the 90-day filing period began on August 21, giving Pinnock until November 19, 2024, to file her complaint.

Pinnock disputes this conclusion, citing what she says are irregularities in the EEOC's handling of her case. She raised these alleged irregularities in her response to the motion to dismiss and the supplemental brief she filed in the district court. She also cites a screenshot of her email account and faults the district court for ignoring this evidence. But these documents cannot be considered under Rule 12(b)(6)

9

because they were neither referenced in, nor attached to, the complaint, and they are not subject to judicial notice. *See Brown*, 124 F.4th at 1263. Thus, because the NRTS and the EEOC's public portal records establish that Pinnock received the NRTS on August 21, her complaint was due on or before November 19, 2024. She failed to file by that date, so her action was time-barred.

Because Pinnock did not meet the November 19 deadline, we do not consider whether the district court properly determined the complaint was filed on November 25, rather than November 22; either way, "it has no bearing on the ultimate outcome of this case," *Orr v. City of Albuquerque*, 417 F.3d 1144, 1154 (10th Cir. 2005).

### C. Denial of the Rule 59(e) Motion

"We review rulings on Rule 59(e) motions for an abuse of discretion." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). Under this standard, we will not reverse a district court's decision unless we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Id.* (internal quotation marks omitted).

Pinnock sought to introduce new evidence consisting of numerous pages of exhibits via her Rule 59(e) motion and a separate filing she called her "Objections to Court's Order to Dismiss with Prejudice," R. vol. II at 60. Her exhibits included emails with a process server whom she said "defendants coerced . . . to act

10

maliciously against [her] in an attempt to exploit her disability." R. vol. III at 34. She also included emails purporting to show that "bad actors in [G]oogle were responsible for potentially breaching her [email] account at the beckoning of either the defendants or bad actors in the EEOC." *Id.* at 35 (internal quotation marks omitted). Based on this evidence, Pinnock sought to advance her theory that her action was not time-barred due to irregularities in both the EEOC's handling of her case and the district court's filing of her complaint.

The district court declined to consider the evidence, ruling Pinnock failed to show it was previously unavailable. The district court reasoned that Pinnock's "decision to further investigate her own email account after . . . final judgment cannot constitute grounds for altering a final judgment." R. vol. IV at 23. The district court also observed that even if it considered this evidence, it would not change the result, because the court had taken judicial notice that she received the NRTS on August 21, 2024, and she did not file her complaint within 90 days.

We discern no abuse of discretion. "Where a party seeks Rule 59(e) relief to submit additional evidence, the movant must show either that the evidence is newly discovered or if the evidence was available at the time of the decision being challenged, that [she] made a diligent yet unsuccessful effort to discover the evidence." *Devon Energy Prod. Co., v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1213 (10th Cir. 2012) (brackets and internal quotation marks omitted).

Pinnock's purportedly new evidence was available during the district court proceedings. It consists entirely of emails and screenshots from her email account,

11

but Pinnock offered no explanation for failing to provide it sooner. And any such argument would have been unavailing in any event because, like her other allegations and documents, this evidence could not be considered on Rule 12(b)(6); it was not attached to or referenced in the complaint, and it is not subject to judicial notice. *See Brown*, 124 F.4th at 1263. Consequently, the district court acted well within its discretion in denying the Rule 59(e) motion.

III

The district court's judgment is affirmed.

Entered for the Court


Bobby R. Baldock
Circuit Judge